IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EO MFG, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-08-311 |
| RIDGE TOOL COMPANY, et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This is a patent infringement action filed by EO Mfg., Inc. ("EO") against two construction tool manufacturers, Ridge Tool Company ("Ridge Tool") and Superior Tool Corporation ("Superior Tool").  Now pending is Ridge Tool's Motion to Transfer Venue to the Northern District of Ohio, Eastern Cleveland Division.[1]  (Paper No. 11.)  The issues have been fully briefed by the parties and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2008).  For the reasons stated herein, Defendant's Motion is GRANTED.

## BACKGROUND & PROCEDURAL HISTORY

Plaintiff EO, an Illinois corporation with its principal place of business in Bloomingdale, Illinois, alleges that Defendants Ridge Tool and Superior Tool infringed U.S. Letters Patent No. 7,096,764 ("the 764 Patent") entitled "Pipe Wrench."[2]  (Compl. ¶ 3.)  Specifically, EO contends that Ridge Tool's RAPIDGRIP® and Superior Tool's SUPERWRENCH™ wrench sets, as

---

[1] Superior Tool has not joined Ridge Tool's Motion to Transfer.

[2] U.S. Letters Patent 7,096,764 was issued on August 29, 2006, and lists the inventor as Zhigang Dong, a resident of Beijing, China.  The patent has allegedly since been assigned to EO Mfg.  (Compl. ¶ 6.)

taught and claimed in the 764 Patent, are being manufactured and sold in violation of federal law.  (*Id*. ¶¶ 4-5.)  EO has filed suit in this Court after having selected local counsel.  EO maintains that venue is proper because both Ridge Tool and Superior Tool products are sold in Maryland.

Ridge Tool sells its products to nationwide retailers and independent professional plumbing supply stores, and does not sell directly to end-users in Maryland.  (Chartier Decl. ¶ 16.)  As a supplier, approximately two to three percent of its total output is sold in Maryland.  (*Id*. ¶ 18.)  Ridge Tool's sales staff consists of approximately forty representatives covering the United States, and, of those representatives, two work in Maryland on occasion but not full-time.  (*Id*. ¶17.)  Ridge Tool is a corporation organized under the laws of the State of Ohio with its principal place of business in Elyria, Ohio.  (Def. Ridge's Answer ¶ 4.)  As such, roughly 750, or three quarters, of Ridge Tool's employees are based in Ohio.  (Def. Ridge's Mem. Supp. Transfer Venue 2.)  The majority of Ridge Tool's potential witnesses—those employees involved in design and manufacture of the wrench—are also located in Ohio, including, it is alleged, two of the three inventors that have been issued patents covering the product in question.  (*See* Def. Ridge's Mem. Supp. Transfer Venue Ex. B.)  Ridge Tool has no facilities, corporate offices, land or fixed assets in Maryland, nor is it registered to do business in this state.  (Chartier Decl. ¶¶ 6-7.)

On February 5, 2008, Plaintiff filed this patent infringement suit in this Court.  On April 7, 2008, Defendant Superior Tool filed its Answer with a Counterclaim (Paper No. 5), and, on May 7, 2008, Defendant Ridge Tool filed an Answer containing a Counterclaim (Paper No. 9).  Also on May 7, 2008, Defendant Ridge Tool filed the subject Motion to Transfer Venue (Paper

No. 11), to which Defendant Superior Tool has not joined.[3]  Plaintiff thereafter filed Answers to Defendants' Counterclaims (Paper Nos. 12, 13),  and a Response in Opposition to Defendant Ridge Tool's Motion to Transfer Venue (Paper No. 14) on May 27, 2008.  Defendant Ridge Tool Replied to Plaintiff's Response on June 10, 2008.  (Paper No. 15.)

## ANALYSIS

It is undisputed that the patent infringement action before this Court may be brought in any federal district court.  Nevertheless, under 28 U.S.C. § 1404(a), a civil action may be transferred to a different district when the moving party makes a showing, by a preponderance of the evidence, that another forum is better suited to hear the dispute.  *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 617 (D. Md. 2002).  In evaluating the Defendant's Motion to Transfer, this Court may consider a number of factors, including "(1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interests of justice."  *Id*.  "Perhaps the most important factor . . . is the convenience of the witnesses."  *Cronos Containers, Ltd*. *v*. *Amazon Lines*, *Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000).  The ultimate decision of whether to transfer is committed to the sound discretion of the district court.  *Id*.

**I.     Plaintiff's Choice of Venue**

"Although a plaintiff's choice of forum is ordinarily accorded considerable weight, that weight is significantly lessened when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy."

---

[3] Superior Tool is a Delaware corporation with its principal place of business in Cleveland, Ohio.  (Def. Superior's Answer ¶ 5.)

*Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004); *Lynch*, 237 F. Supp. 2d at 617; *Dicken v. United States*, 862 F. Supp. 91, 92-93 (D. Md. 1994). Furthermore, "in patent infringement actions, 'as a general rule, the preferred forum is that which is the center of gravity of the accused activity.'" *Tse v. Apple Computer, Inc.*, 2006 U.S. Dist. LEXIS 68451, at *3 (D. Md. Aug. 31, 2006) (quoting *Ricoh Co., Ltd. v. Honeywell, Inc*., 817 F. Supp. 473, 481 n.17 (D.N.J. 1993)). "In finding that center of gravity, a district ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Id*.

Here, Plaintiff is an Illinois corporation, while Defendants are based in Ohio. There is no dispute that the majority of the activity surrounding the product in question occurred, and still is occurring, in the State of Ohio. The only connection that this action has to the State of Maryland is that Defendants use national retailers to sell their product, and, in doing so, a small percentage of their product is sold in Maryland. The same connection can presumably be made with any of the 50 states, and "it appears that under the plaintiff's rationale, venue would be appropriate in districts throughout the country. Such a liberal reading of section 1404(a) would undermine the emphasis on convenience of the parties and of potential witnesses." *Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.,* 387 F. Supp. 2d 564, 568-69 (E.D. Va. 2005); *see also Ricoh,* F. Supp. at 486 n.26 ("[L]imited sales of an infringing product within a forum are not particularly significant in determining locus of culpable conduct in a patent infringement case.").

It follows that minimal consideration should be given to Plaintiff's choice of venue. *See Tse*, 2006 U.S. Dist. LEXIS 68451 (reasoning that when a plaintiff's action has no more connection to one state than any another, little weight should be given to the plaintiff's choice).

**II.	Witness Convenience**

Witness convenience plays a central role in determining whether or not to grant a motion to transfer venue. *Lynch*, 237 F. Supp. 2d at 617; *Board of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988). In weighing the costs and benefits of transfer in this respect, a Court is typically forced to assess both parties' witnesses to determine whether transfer would promote or inhibit witness testimony. *Baylor Heating & Air Conditioning,* 702 F. Supp. at 1258. Greater weight should be accorded to the inconvenience facing witnesses whose testimony is central to a claim and whose credibility is also likely to be an important issue. *Id.*

Plaintiff argues in favor of the current venue because it intends to introduce testimony from an expert located in Maryland. This Court has held, however, that the location of expert witnesses is less important than the location of involuntary factual witnesses in considering a motion for transfer. *Tse*, 2006 U.S. Dist. LEXIS 68451, at *5 ("[T]he convenience of fact witnesses, whose involvement in the case is involuntary must be preferred over that of hired experts."). Alternatively, Ridge Tool notes that the large majority of its factual witnesses, whose testimony is necessary, reside in the Northern District of Ohio or Cleveland area. Indeed, at least two of the three inventors of the product in question reside within that jurisdiction.

This is not a typical transfer of venue case where the original forum is convenient for plaintiff's witness and inconvenient for defendant's witnesses. *See Eastern Scientific Marketing, Inc. v. Tekna-Seal, Inc*., 696 F. Supp. 173, 180 (E.D. Va. 1988). Rather, none of the parties involved have proposed a single factual witness from the State of Maryland. Witness convenience, therefore, weighs in favor of transfer in this case. *See Cronos Containers, Ltd.,*

121 F. Supp. 2d at 465 ("In this district, motions to transfer have been regularly granted where the defendant has shown that most of its key witnesses are residents of another district.").

### III. Convenience of the Parties

Despite having a clear and definite center of business in Illinois, Plaintiff argues that Maryland is the most convenient location for this dispute. In doing so, Plaintiff has asked this Court to consider the fact that it has retained counsel in Maryland. Convenience of local counsel, however, is not alone sufficient to deny a motion to change venue. To be sure, transfer almost always requires a party to obtain local counsel, and, yet, transfer is routinely granted. *See Tse*, 2006 U.S. Dist. LEXIS 68451, at *6 (citing *Cressman v. United Air Lines*, 158 F. Supp. 404, 407 (S.D.N.Y. 1958) ("It will almost always be the case that the granting of a transfer motion will inconvenience counsel in the transferor district or necessitate the engagement of new counsel. Were this to be accorded much weight in motions of this type, Section 1404(a) would be rendered virtually nugatory.")).

Plaintiff further argues that to transfer the case would be to "effectively deprive EO Mfg. of choice of counsel and deprive EO of access to the courts." (Pl.'s Mem. Opp. Transfer Venue 2.) In *Tse*, a Plaintiff presented a similar argument to this Court, but offered little evidence that his financial situation was such that he could not afford local counsel. As in *Tse*, this Court is unable to make the assumption that transfer would deprive the Plaintiff of its rights. *Tse*, 2006 U.S. Dist. LEXIS 68451, at *6; *see also Koh v. Microtek Int'l, Inc.,* 250 F. Supp. 2d 627, 639 (E.D. Va. 2003) (holding that an increase in expense of litigation does not demonstrate financial hardship that would foreclose prosecution in a different state). Plaintiff has simply not shown why obtaining new counsel would not be feasible.

Finally, Defendant Ridge Tool has properly shown that its connections to Maryland are *de minimus*, and that the company is not registered to do business in the state. *Cole-Tuve, Inc.*, 342 F. Supp. at 369. Furthermore, both Defendants are clearly based in Ohio, and Plaintiff is closer to Ohio, where sources of proof are likely to be located. *Id.* This Court finds that the Northern District of Ohio, Eastern Cleveland Division would be a more convenient location than Maryland.

### IV. Interest of Justice

It is in the interest of justice that this case be transferred to the Northern District of Ohio, Eastern Cleveland Division. The State of Maryland has no unique involvement with the facts at issue, while the State of Ohio has a clear interest in adjudicating a dispute involving events which took place largely in Ohio. *See Tse*, 2006 U.S. Dist. LEXIS 68451.

### CONCLUSION

For the reasons above, Defendant Ridge Tool's Motion to Transfer Venue (Paper No. 11) is GRANTED. A separate Order follows.

Dated: June 24, 2008    /s/
                         Richard D. Bennett
                         United States District Judge